### MORIMURA BROS. v. UNITED STATES.

(Circuit Court, S. D. New York.  March 2, 1908.)

#### No. 5,071.

CUSTOMS DUTIES—"CLERICAL ERROR"—CORRECTION.

The expression "clerical error" implies negligence or carelessness of a clerk, writer, or copyist, and assumes that the mistake, or negligence, or carelessness, is that of one engaged in the subordinate service of transcription, copying, or comparison; labor not requiring original thought. *Held* that, where a standard article was incorrectly invoiced at an excessive price, this was a clerical error of a kind of which correction is not harmful to the administration of customs laws, and relief from which should be granted.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, p. 1224.]

On Application for Review of a Decision by the Board of United States General Appraisers.

Kammerlohr & Duffy (John G. Duffy, of counsel), for importers. J. Osgood Nichols, Asst. U. S. Atty.

HOUGH, District Judge. The petitioners imported certain goods from Japan, which were incorrectly invoiced at a greater number of sen than was the actual value thereof, and also greater than the price paid therefor. The error was observed by the appraiser examining the invoice, and it was shown that the goods thus overvalued were staple articles, long regularly imported by the petitioners, and obtained by them, and easily obtainable, at the correct and lower rate. The protest was for clerical error, and the board overruled the same on the ground that the excessive duties exacted were due to petitioners' negligence or carelessness.

Clerical error implies negligence or carelessness; but the question is: Whose is the negligence? If it is that of a "clerk, writer, or copyist," it is clerical error. Century Dictionary. The expression assumes that the mistake or negligence or carelessness is that of one engaged in the subordinate service of transcription, copying, or comparison; a labor not requiring original thought. It seems to me that the mistake in this case was clearly clerical, and, furthermore, that it is the sort of error correction of which is not harmful to the administration of the customs laws, and relief from which has been frequently granted by the board itself. T. D. 28,761 (abstract 18,167); T. D. 28,496 (abstract 17,270); T. D. 28,634 (abstract 17,763). If the mistake was clerical, then the summary relief allowed in United States v. Benjamin (C. C.) 72 Fed. 51, ought to have been granted.

Decision reversed.