## MAGNUS & LAUER v. UNITED STATES.

(Circuit Court, S. D. New York. March 2, 1908.)

No. 4,972.

CUSTOMS DUTIES—CLERICAL ERROR—UNDERVALUATION—SHIPMENT OF WRONG GOODS.

An import was of a more expensive kind than that called for by the invoice, owing to an alleged error on the part of the shipper in failing to conform to an order for the cheaper kind. *Held*, that this was not a clerical error for which relief should be given, and that, owing to the facility with which such apparent errors might be fraudulently arranged by collusion between importer and shipper, it would be establishing a dangerous precedent to excuse an error of this kind.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,614 (T. D. 28,231), in which the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York. On the ground of an alleged clerical error, the importers sought to be relieved from the payment of additional duties accruing for undervaluation, under Tariff

Act July 24, 1897, c. 11, § 32, 30 Stat. 211 (U. S. Comp. St. 1901, p. 1892), amending Customs Administrative Act June 10, 1890, c. 407, § 7, 26 Stat. 134 (U. S. Comp. St. 1901, p. 1892).

Kammerlohr & Duffy (John G. Duffy, of counsel), for importers.
J. Osgood Nichols, Asst. U. S. Atty.

HOUGH, District Judge. The petitioners are the agents of Spurway, of Cannes, France. They received from their principals an invoice describing 300 pounds of Turkish oil of geranium, which invoice set forth the value of this article at 5.50 francs per pound. This is a fair market price for Turkish oil. The appraiser discovered that the article imported was Algerian oil of geranium, which is worth twice as much as Turkish. It appears from the testimony that the principal had himself been in this country not long before the time of this importation, and had contracted for the sale and delivery of certain Turkish oil, and that he intended to ship Turkish in compliance with such contract, and by mistake Algerian was sent instead—by whose mistake can only be inferred, presumably that of some employé of Spurway & Co. in Cannes.

It is asserted that this is a clerical error against which the Board of General Appraisers should have afforded relief. The board's decision declares that the remedy of these petitioners was not to receive or accept the merchandise, and the argument on this appeal is largely devoted to showing that as soon as the goods had arrived in this country the petitioners' liability for duty had attached, and that therefore the remedy suggested by the board was not open to them. No opinion is expressed on this point. In the Case of Morimura (C. C.) 160 Fed. 280, just decided, I have stated my understanding of the phrase "clerical error." It has also been defined as an error "visible to the eye or obvious to the understanding." G. A. 184 (T. D. 10,534). Under any definition of "clerical error," I do not see how this mistake can be excused; and it is so obvious that, by arrangement between shipper and importer, "clerical errors" of this sort can be made to suit many cases of undervaluation or fraudulent invoicing, that I think it clear the board was right in refusing relief, in order not to establish a most dangerous precedent.

Decision affirmed.