BEFORE THE SECOND DIVISION, OCTOBER 19, 1960

No. 64745.—Dofan Handbag Co., Inc. *v.* United States, protest 58/22327 (New York).

LAWRENCE, Judge: An importation of handbag clasps was classified by the collector of customs as articles or wares, plated with gold, in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), and duty was imposed thereon at the rate of 65 per centum ad valorem.

In its timely protest, filed with the collector in accordance with the provisions of paragraph 514 of said tariff act (19 U.S.C. § 1001, par. 514), plaintiff makes the following allegations:

\*        \*        \*        \*        \*        \*        \*

This entry should have been liquidated without the assessment of duty whatever, and, hence, a refund of $25.88 should be made. Instead, you have ignored the fact that this merchandise was never our property and had been entered by us in error, and was, as per your demand for redelivery of January 28th, 1952, returned to Idlewild Air Port, and, under Customs supervision, re-exported to France, as per Declaration CC 3985 and Air France airwaybill No. 2016556 of April 9, 1952.

Accordingly, we request you to re-liquidate this entry completely free of duty, and to make refund to us of the duties already paid.

In addition to the complete entry file, which was received in evidence as plaintiff's collective exhibit 1, the testimony of two witnesses was presented on behalf of plaintiff and one witness testified for the defendant. From the documentary and oral evidence thus presented, the following facts are to be derived—

1. Upon importation of the merchandise, customs brokers, as agents for Dofan Handbag Co., Inc., of 14 East 33d Street, New York, N.Y., entered the involved merchandise. Accompanying the entry was an invoice covering the articles in question, which was drawn to "Maison Dorian Handbags of 10 East 33d Street—New York 16, N.Y."

2. Said customs brokers handled both the Dofan and the Dorian accounts.

3. Subsequent to entry, examination, and appraisement, the involved merchandise was unconditionally released from customs custody and delivered to the airline carrier, which carrier, in turn, delivered said merchandise to the plaintiff or its agent.

4. Within a few days after delivery of the handbag clasps to the plaintiff, it was discovered that the articles belonged to the Dorian Co. and not to the Dofan Co.

5. Upon the request of the customs brokers, the collector of customs issued a demand on customs Form 3483 that plaintiff return the involved merchandise to customs custody.

6. Thereupon, plaintiff, through its agents, delivered the handbag clasps in issue not to the customs officials but directly to Air France at the New York International Airport. The merchandise was reexported to France, its country of origin.

7. During the course of the trial, counsel for plaintiff made the following statement "I will stipulate that we are unable to prove that the merchandise was sent back to France through Customs." Defendant's counsel agreed to so stipulate.

The inquiry might well be made why did not Dofan transfer the merchandise to Dorian, for whom it was actually intended, instead of returning it to France?

In its brief, plaintiff bases its claim for a refund of duties primarily upon the ground that their collection was the result of a clerical error; that "* * * since no one actually entitled to receive the goods in question did receive them, it certainly is out of order to seek to charge plaintiff, an innocent third party, duties for goods never accepted and, in fact, returned."

This argument is without merit. Clerical error was defined many years ago in *Morimura Bros.* v. *United States*, 160 Fed. 280, T.D. 28866, as follows:

Clerical error implies negligence or carelessness; but the question is: Whose is the negligence? If it is that of a "clerk, writer, or copyist," it is clerical error. Century Dictionary. The expression assumes that the mistake or negligence or carelessness is that of one engaged in the subordinate service of transcription, copying, or comparison; a labor not requiring original thought. * * *

In *S. Yamada* v. *United States*, 26 C.C.P.A. (Customs) 89, T.D. 49628, our appellate court held, in substance, that a clerical error is an error by one "upon whom no duty devolved to exercise original thought or judgment in determining * * *" the proper course of action to be followed.

The facts of record herein do not establish that clerical error was committed within the purview of the decisions above cited.

In a case such as here presented, the decision is controlled by the provisions of section 558 of the Tariff Act of 1930 (19 U.S.C. § 1558), as amended by the Customs Administrative Act of 1938. We here set forth its provisions—

No remission or refund after release of merchandise.

(a) No remission, abatement, refund, or drawback of estimated or liquidated duty shall be allowed because of the exportation or destruction of any merchandise after its release from the custody of the Government, except in the following cases:
  (1) When articles are exported with respect to which a drawback of duties is expressly provided for by law;
  (2) When prohibited articles have been regularly entered in good faith and are subsequently exported or destroyed pursuant to a law of the United States and under such regulations as the Secretary of the Treasury may prescribe; and
  (3) When articles entered under bond, under any provision of law, are destroyed within the bonded period as provided for in section 557 of this Act, or are destroyed within the bonded period by death, accidental fire, or other

casualty, and proof of such destruction is furnished which shall be satisfactory to the Secretary of the Treasury, in which case any accrued duties shall be remitted or refunded and any condition in the bond that the articles shall be exported shall be deemed to have been satisfied.

(b) When articles are exported or destroyed under customs supervision after once having been released from customs custody, as provided for in subsection (c) of section 304 of this Act, such exportation or destruction shall not exempt such articles from the payment of duties other than the marking duty provided for in such subsection (c).

In view of the undisputed fact that the handbag clasps in question were exported from the United States after their release from the custody of the Government, we are constrained to hold that we have no other course to follow, in view of the mandatory provisions of section 558, *supra*, but to conclude that the refund of duties here sought is prohibited. *Khosrovschahi & Co.* v. *United States*, 39 C.C.P.A. (Customs) 40, C.A.D. 460, cited and followed. The protest is, therefore, overruled.

Judgment will issue in accordance with the views above expressed.