STAVELEY MACHINE TOOLS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 82–10–01384

Before DiCarlo, *Judge.*

(Decided March 12, 1986)

*Sullivan & Lynch, P.C. (Herbert J. Lynch)* for plaintiff.

*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Civil Division, Department of Justice *(Judith M. Barzilay)* for defendant.

## MEMORANDUM OPINION AND ORDER

DICARLO, *Judge:* This action is before the Court on plaintiff's motion for summary judgment and defendant's cross-motion to dismiss for lack of jurisdiction. The Court holds that plaintiff's protest was not timely filed, denying the Court jurisdiction in this action. Defendant's motion is granted.

Merchandise manufactured in England and invoiced as a "horizontal boring machine" was imported by plaintiff, Staveley Machine Tools, Inc. (Staveley) in August, 1979.[1] According to Staveley, the machine was originally exported from England for temporary exhibition in Vera Cruz, Mexico. It was then sent to the United States for temporary exhibition in Dallas, Texas.

The machine entered under a consumption entry bond and duties of $18,859.56 were paid. No attempt was made to enter the machine under a temporary import bond, which, if applicable, would have permitted duty free entry.[2] The machine, which had a list value of 124,377 pounds sterling, was erroneously entered at a declared value of 143,626 pounds sterling. The United States Customs Service (Customs) was not informed that the machine arrived at the port of Houston in damaged condition and that marine surveyors estimated its value at only 55,352 pounds sterling. On October 12, 1979 duties were liquidated in the amount paid on entry. The machine could not be exhibited due to its damaged condition and was returned to England on or about October 15, 1979.

On July 15, 1980, Staveley's customs broker requested reliquidation and a refund of duties based on clerical error, pursuant to section 520(c) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1520(c) (1976 & Supp. IV 1980).[3] The broker said duties should not have

---

[1] The facts in ths opinion reflect those set forth in the complaint. For purposes of deciding the motion, the Court assumes that plaintiff's allegations are true. Plaintiff and its London affiliate, the Kearns-Richards Division of Staveley Machine Tools, Ltd , are both referred to as "Staveley" throughout this opinion.

[2] Plaintiff contends that the machine was entitled to enter free of duty under a temporary import bond under item 864.20 or 864.30 of the Tariff Schedules of the United States.

[3] Section 520(c) states in pertinent part:

Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction; * * *

been paid since the machine was entitled to enter under a temporary import bond, and alternatively that the duties paid were too high since the machine was damaged and overvalued.

On July 18, 1980, Customs denied the request for reliquidation under section 520(c) stating (1) the request was not timely for the purposes of the voluntary reliquidation provisions of 19 U.S.C. § 1501, and (2) the request did not present a clerical error correctable under section 520(c)(1). No protest was filed within ninety days although Customs informed the broker that a protest contesting its decision must be filed within that time.[4]

On August 22, 1980 the broker again wrote Customs requesting a refund of duties. This request was denied by telephone on September 5, 1980.

On September 22, 1980 Staveley's London office wrote Customs requesting a refund of duties on grounds substantially similar to those raised by Staveley's broker on July 15, 1980. On December 3, 1980, Customs refused to grant the requested relief, noting that similar request by Staveley's broker previously had been denied. On March 2, 1981, Staveley filed a protest contesting the denial of the September 22, 1980 request, and Customs denied the protest as untimely on April 29, 1982.

Staveley contends that the protest is timely since it was filed within ninety days after December 3, 1980, the date on which Customs refused to grant the relief requested by Staveley. It argues (1) that the period for filing a protest did not elapse ninety days after the denial of its broker's request of July 15, 1980 because the broker did not have authority to file a petition for reliquidation pursuant to section 520(c); (2) Staveley's request contained new grounds for reliquidation; and (3) whether or not its broker had authority, the request by Staveley dated September 22, 1980 is timely since it was filed within one year after liquidation.

The first issue is whether Staveley's broker had authority to file a request for reliquidation and refund of duties under section 520(c) on behalf of Staveley.

Staveley executed a "Corporation Power of Attorney," Customs Form 5293, on July 14, 1969, giving its broker broad authority to transact all customs business on its behalf, "except making, signing and filing of protest."[5] Staveley acknowledges that the power of at-

---

[4] Section 514(a) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514(a) (1976 & Supp. IV 1980) states in part: decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—

(7) the refusal to reliquidate an entry under section 1520(c) of this title, shall be final and conclusive upon all persons * * * unless a protest is filed in accordance with this section * * *.

Section 1514(c)(2) states in part:

A protest of a decision, order, or finding described in subsection (a) of this section shall be filed with such customs officer within ninety days after but not before—
(A) notice of liquidation or reliquidation, or
(B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made.

[5] The power of attorney, attached as exhibit F to defendant's brief, permits the broker:

generally to transact at the Customhouses in said district any and all customs business, except making, signing, and filing of protests under section 514 of the Tariff Act of 1930, in which said grantor is or may be concerned or interested and which may properly be transacted or performed by an agent and attorney, giving to said agent and attorney full power and authority to do anything whatever requisite and necessary to be done in the premises as fully as said grant-

torney was neither revoked nor limited prior to July 15, 1980, but argues that a request for reliquidation under section 520(c) is similar to a protest and therefore the broker's actions were not authorized. Since the July 15, 1980 request was not authorized, Staveley contends that the first protestable denial of relief under section 520(c) did not occur until December 3, 1980.

The Court disagrees. Protests and requests under section 520(c) serve different functions. *See* 19 U.S.C. §§ 1514(a); 1520(c). The Customs Regulations contain special provisions applicable to the filing of protests by agents which are not applicable to the filing of requests under section 520(c). *See* 19 C.F.R. §§ 111.40, 174.3(2) (1980), 19 C.F.R. §§ 8.19, 17.2 (1969). The exception in the power of attorney relates solely to the making, signing and filing of protests. The Court holds that the exception does not implicity deny the broker authority to request reliquidation under section 520(c). The broker properly exercised its authority when it made such a request on July 15, 1980.

Staveley next claims that the passage of ninety days after the denial of its broker's request under section 520(c) does not preclude its filing a protest upon the denial of its subsequent section 520(c) request since the latter request contained new grounds for reliquidation and refund of duties. At oral argument, however, Staveley admitted that the September 22, 1980 request differs from the July 15, 1980 request only insofar as it is lengthier and was written by Staveley's London office rather than by the broker.

The Court holds that the length and authorship of the September 22, 1980 letter are of no importance. Comparison of the contents of the two letters reveals that the requests were in substance identical. Since the grounds alleged in the requests of Staveley and its broker are the same, the Court need not decide whether an importer may protest a denial of a request under section 520(c) after the expiration of the time available for the protest of a denial of a 520(c) request premised on separate grounds.

The final issue is whether, within one year after liquidation but more than ninety days after denial of an authorized request under section 520(c), an importer may protest the denial of a later request under section 520(c) containing the same grounds for relief as the first request. The Court holds that it may not. Section 514 expressly provides that a refusal to reliquidate under section 520(c) becomes final and conclusive unless a protest is filed within ninety days. *See* 19 U.S.C. § 1514(a)–(c); *supra* note 4. Since Staveley failed to file a protest within ninety days after July 18, 1980, Customs refusal to grant relief under section 520(c) became unassailable. *Cf. Hambro Automotive Corp.* v. *United States,* 81 Cust. Ct. 29, 30, 458 F.Supp. 1220, 1221, C.D. 4761 (1978), aff'd, 66 CCPA 113, C.A.D. 1231, 603 F.2d 850

or could do if present and acting, hereby ratifying and confirming all that the said agent and attorney shall lawfully do by virtue of these presents; the foregoing power of attorney to remain in full force and effect until notice of revocation in writing is duly given to and received by the District Director of Customs of the district aforesaid.

(emphasis omitted).

(1979). Customs denial of Staveley's September 22, 1980 request for reliquidation and refund was not protestable. *See James Loudon & Co. v. United States*, 79 Cust. Ct. 149, 158–61, C.D. 4727 (1977). Since the protest was not filed in accordance with section 514, the Court does not have jurisdiction under 28 U.S.C. § 1581(a) to consider its denial by Customs. *See Computime Inc. v. United States*, 8 CIT 259, 601 F.Supp. 1029 (1984), *aff'd.* 772 F.2d 874 (Fed. Cir. 1985).

Defendant's motion to dismiss for lack of subject matter jurisdiction is granted. So ORDERED.