(C. D. 249)

,Fujimoto & Co. *v.* United States

## United States Customs Court, Third Division

(Decided November 10, 1939)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; KEEFE, J., not participating

EVANS, Judge: This is an action against the United States in which the plaintiffs seek to recover money paid as customs duties upon an importation of merchandise from Japan. The particular merchandise on which protest is filed consists of plums which the collector assessed at the rate of 2 cents per pound under the provisions of paragraph 748 of the Tariff Act of 1930. Plaintiffs claim that these plums are properly dutiable at one-half of 1 cent per pound under the same paragraph. From the evidence produced at the trial and the admission of Government counsel in his brief it is apparent that the assessment was in error in that the notation of the examiner was read 2 cents instead of ½ cent.

The only question remaining is the sufficiency of the protest to cover all the plums enumerated on the invoice and entry. The protest is in the following language, so far as pertinent:

We claim that 20 tubs of Plums, marked: $\frac{F\ C}{S\ F}$ ½₀ classified by the appraiser at 2¢# under Para. 748 are properly dutiable under Para. 748 at ½¢# as the Plums are imported in Brine.

The above is in typewriting and below it, in printing, we find the following:

\* \* \* This protest is intended to apply to all goods covered by the entries referred to, of the same kind or character as the goods specified, whether or not particularly enumerated herein.

The Government does not dispute the plaintiffs' claim insofar as it relates to cases 1–20, but contends that the pleading does not cover any other merchandise, that is, that it does not relate to cases 21–40, those cases not having been specifically mentioned in the protest. In support of this claim Government counsel has cited certain decisions which he claims support his position. We have found no case directly in point nor has our attention been called to any. The Government further contends that had the importer attempted to amend his protest such amendment would not have been allowed under the holdings in various decisions cited. A perusal of those decisions discloses that the general rule was laid down that an amendment which seeks to include goods not originally involved will not be allowed after the

statute has run, upon the ground that the running of the statute bars the importer's claims as to such goods.

We have no such situation before us in the instant case. The pleadings quoted above state the importers' claim specifically in the first portion thereof, and in the last sentence state that the claim is not limited to the merchandise as to which specific claim is made but "is intended to apply to all goods covered by the entries referred to, of the same kind or character as the goods specified, whether or not particularly enumerated herein." In other words the protest distinctly states that it is not limited to the particular goods specified by marks and numbers.

At the hearing proof was submitted that the goods covered by cases 21–40 were "of the same kind" as those in cases 1–20. We therefore hold that all the plums on the invoice, cases 1–40, are properly dutiable as claimed by the plaintiffs herein at one-half of 1 cent per pound under the provisions of paragraph 748, *supra*, as plums in brine.

Judgment will be rendered accordingly. It is so ordered.