189

(C. D. 565)

S. Goto et al. v. United States

United States Customs Court, Third Division

(Decided December 5, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Before Cline and Keefe, Judges

Cline, Judge: In these four suits, which were consolidated for trial, the plaintiffs seek to recover a part of the duty assessed on certain Japanese silk goods imported at the port of San Francisco. The entries were made under duress at a higher value than as invoiced to meet advances made by the appraiser in certain test cases and the merchandise covered by the entries herein involved was finally appraised at a value which did not include a certain Japanese textile tax. The collector assessed duty upon the basis of the entered value, rather than the final appraised value, because the so-called duress certificates filed with the entries failed to cite the proper entry numbers of similar cases then pending on appeal to reappraisement, under the authority of section 489 of the Tariff Act of 1922, the pertinent parts of which read as follows:

SEC. 489. * * *.
Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this Act, and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and the importer's contention in said pending cases shall subsequently be sustained, wholly or in

part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement.

In *M. Bernstein* v. *United States*, 18 C. C. P. A. (Customs) 193, T. D. 44379, the court held that the above-quoted section contemplates that the importer shall cite the entry number of the test case in his certificate attached to duress entries.

The plaintiffs rely upon the claim that the certificates attached to the entries failed to name the proper entry numbers of the test cases due to a clerical error and evidence was introduced in the form of letters (exhibit 3) addressed to the collector showing that counsel for the plaintiffs requested the collector to reliquidate the entries on the ground that through clerical error the importers failed to cite the correct entry numbers of the test cases and permission was requested to correct that error. The protests were filed within 60 days after the collector's refusal to reliquidate the entries on the ground of clerical error.

The plaintiffs abandoned the protests with respect to all entries except those enumerated in schedule A in their brief, which schedule reads as follows:

| Protest | Importer | Entries not abandoned | |
|---|---|---|---|
| 663168–G–49963 | S. Goto | B2679 | |
| 682327–G–50156 | Nippon Dry Goods Co. | 17655 | 3017 |
| | | 18174 | 3124 |
| | | 19260 | 3642 |
| | | 19327 | 4295 |
| | | 19612 | 4952 |
| | | 20354 | 5390 |
| | | 21263 | 5466 |
| | | 21264 | 5836 |
| | | 554 | 6200 |
| | | 912 | 7336 |
| | | 1217 | B2457 |
| | | 1216 | B2880 |
| | | 1289 | 924 |
| | | | 2375 |
| 750949–G–50366 | Nippon Dry Goods Co. | | 17409 |
| | | | 493 |
| | | | 1290 |
| | | | 5943 |
| | | | B2430 |
| 663145–G–50155 | Ono Trading Co. | | B2128 |
| | | | B2224 |

The record shows that in 1923 the attorney for the plaintiffs furnished the customs brokerage firm which made the entries with a form of certificate to be used on all duress entries covering Japanese silk goods, a copy thereof being admitted in evidence and marked exhibit 2: that in 1927 the attorney furnished the customs broker

with a new form of certificate containing additional entry numbers of test cases, a copy of which was admitted in evidence and marked exhibit 1; that the attorney requested that the new certificate be used on all duress entries covering the same kind of merchandise. Mr. Robert E. Blinn, who is connected with the customs brokerage firm which made the entries, testified that he intended to follow the instructions and he used the new form in a great many cases but he used the old form in the entries herein involved due to an error on his part; that he ran out of the new forms and went to the customhouse and made a copy of a certificate on another entry and inadvertently he copied an old form of certificate rather than the new and one of the girls in his office made copies of that form of certificate which he attached to the entries herein involved. The testimony with respect to the intention of the witness when he filed the certificates reads as follows:

Q. You had received the certificate with instructions to use it?—A. Yes.

Q. Was it your intention at all times after February 8, 1927, in filing or preparing entries for filing covering silk goods from Japan to enter them by using the form of certificate that Mr. Lawrence had instructed or advised you to use?—A. Why, yes, certainly.

Q. I am referring, Mr. Blinn, to what you have called the second form of certificate, the one marked Exhibit 1. Are you also referring to that?—A. Yes. May I also say this: it was my intention to attach the duress certificate as I was instructed, and if I didn't follow instructions it has been too bad. That's all.

Q. Was it your intention to follow the instructions of Mr. Lawrence in the matter?—A. Yes.

Exhibits 1 and 2 read as follows:

(Exhibit 1)

CERTIFICATE OF PENDING REAPPRAISEMENT ON JAPANESE TAX ISSUE.

It is certified that the entered value of the merchandise mentioned below is higher than the value as defined in the tariff act of 1922, and that the goods are so entered in order to meet advances by the appraiser in similar cases now pending on appeal for reappraisement. The similar cases now pending on appeal are Boston entries 7577 and 9106 of December 22, 1922, and December 17, 1924, covered by reappraisement circulars 36094 and 192; Seattle warehouse entry 404 of September 9, 1926; San Francisco entry 10788, of December 27, 1926, and New York entries 765862, 861445, also 59011, 768869, 754262, 62996, 1922-3 series covered by reappraisement circular 36040.

It is contended that the duty should be assessed on the basis of a value exclusive of the items specified; in other words, that the Japanese textile tax is not a part of the dutiable value.

(Exhibit 2)

CERTIFICATE OF PENDING REAPPRAISEMENT ON JAPANESE TAX ISSUE

It is certified that the entered value of the merchandise mentioned below is higher than the value as defined in the tariff act of 1922, and that the goods are so entered in order to meet advances by the appraiser in similar cases now pending on appeal for reappraisement. The similar cases now pending are entries 765862, 861445 and others, at the port of New York.

It is contended that the duty should be assessed on the basis of a value exclusive of the items specified; in other words, that the Japanese textile tax is not a part of the dutiable value.

ITEMS: Yen 73.57

The next witness called by the plaintiffs was Mr. Frank L. Lawrence, an attorney representing the plaintiffs. He testified that the entry numbers of the test cases on the certificate exhibit 2 were furnished to his client by Mr. Wilson, an attorney in New York who represented the importers in a test case but that subsequently he instructed his client in San Francisco to make an entry without the addition of the Japanese tax in the entered value so that the appraiser at San Francisco would make an advance in value and that an advance was made by the appraiser on the merchandise covered by entry 10788, and, on appeal to reappraisement it was held in the final decision of the courts that the Japanese textile tax was not a part of the value of the goods; that the notice of appraisement of the merchandise covered by that entry was received on February 3, 1927, and he was of opinion that an appeal for a reappraisement was filed on the same day; that subsequently he gave the customs broker the form of certificate in exhibit 1 with instructions to attach that form to all duress entries of Japanese silk goods. The witness testified also that he sent the collector of customs the letters requesting reliquidation on the ground of clerical error which are contained in exhibit 3.

The testimony of Mr. Thomas J. Barry in suit 4130 was incorporated in the record in this case, it appearing that Mr. Barry had died subsequently to giving his testimony in that case. The record shows that Mr. Barry, who was a customs officer at the time of entry in that case, testified that as the certificate attached to the entry did not contain the proper entry number of the test case he did not allow the clerk to liquidate the entry at the value in the test case, although he was satisfied of the good faith of the importer. Counsel for the defendant in the instant case stated that he could see no reason for assuming that Mr. Barry, if he had been called in this case, would have testified any differently in regard to the entries in this case.

The name "T. J. Barry" appears at the bottom of each letter in exhibit 3 showing that as deputy collector he denied the requests for reliquidation of the entries herein involved on the ground of clerical error.

The record in suit 4130, from which the testimony of Mr. Thomas J. Barry was incorporated in this case, is the record in *S. Yamada v. United States*, 26 C. C. P. A. (Customs) 89, T. D. 49628. The decision in that case relates to duress certificates in the same language as exhibits 1 and 2 in this case, which certificates are copied in the decision. The court held that the customs broker committed a clerical error against which protest may be filed under section 514 of

the Tariff Act of 1922 and that the protest claiming relief on the ground of clerical error should be sustained. The tenor of the testimony in that case is summarized in the syllabus which reads as follows:

1. CLERICAL ERROR—DURESS ENTRY CERTIFICATE.

A clerical error made in preparing or filing a duress entry certificate is such a clerical error as may form the basis for a protest by importer against the refusal of the collector to reliquidate under section 514, Tariff Act of 1922, when it is clearly shown to be a clerical error, and where the good faith required by the statute is affirmatively shown and unquestioned, the statute being broad enough to cover and was intended to cover clerical errors made by an entrant which are responsible for liquidating upon a wrong value, as well as clerical errors which bring about an erroneous ascertainment of the amount of duty on a correct value of imported merchandise.

2. SAME—SAME.

In filing a duress entry, a customhouse broker acting in a clerical capacity, attached an old certificate which did not contain the correct number of the test case, although he intended to file a new certificate given him by the customs attorney for the importer, but due to carelessness, inadvertence, and mistake, his proper intention was improperly executed. *Held*, there was inadvertence and mistake resulting in a clerical error within the meaning of section 514, the error being made by one upon whom no duty devolved to exercise original thought or judgment in determining what pending cases were to be listed. *Morimura Bros.* v. *United States*, 160 Fed. 280.

The error of the customs broker in the instant case is identical with that in the case cited, and, in harmony with the ruling in that decision, we hold that the collector should have permitted the plaintiffs to amend their certificates and should have reliquidated the entries on the basis of the test case at the values found on final appraisement of the merchandise covered by the entries enumerated in schedule A above copied. To that extent the protests are sustained and judgment will be entered in favor of the plaintiffs.

As to all other entries, the protests are overruled.