(C. D. 1084)

H. H. ELDER & Co. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 13, 1948)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Harold L. Grossman*, special attorney), for the defendant.

Before CLINE, EKWALL and JOHNSON, Judges; CLINE, J., not participating

EKWALL, Judge: This case is before us for decision on a motion to dismiss made by Government counsel. The grounds for the motion are (a) "that this is a protest against the liquidation and not having been made within 60 days after said liquidation, is invalid and untimely within the purview of section 514," Tariff Act of 1930; (b) "that no demand—no proper demand had been previously made for reliquidation and that therefore, there has been no official refusal to reliquidate"; and (c) "that no clerical error is shown by the protest or the proof."

The merchandise involved consists of a quantity of grass seed entered for warehouse at the port of Los Angeles. The entry was liquidated November 14, 1944. On March 1, 1945 the instant protest was filed claiming that a clerical error had been made in the liquidation of the goods, in that the collector failed to assess duty in accordance with the percentages of the different kinds of seed in the shipment as shown by the Federal-State Seed Laboratory.

Section 514, under which protest is made, is as follows:

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal,

be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

Plaintiff introduced the testimony of three witnesses, the customs broker (plaintiff herein), the deputy collector at the port of entry, and the liquidator of the entry.

Before considering their testimony, let us examine the protest in order to determine its sufficiency. In the printed portion thereof we find the following:

Protest is hereby made against * * * your refusal to reliquidate for clerical error, in connection with the entries * * * referred to below. * * *

Following this in typewriting more specific claims are made as summarized above. It is alleged on behalf of the Government that the claim distinctly and specifically set forth in the typewritten portion of the protest was directed exclusively against the liquidation and is inconsistent with the claim asserted at the hearing that the protest is directed against the refusal of the collector to reliquidate for clerical error. A sufficient answer to this is found in the case of *Fujimoto* v. *United States*, 3 Cust. Ct. 269, C. D. 249, where the printed portion of the protest was considered by the court in establishing plaintiff's claim. Moreover, in the typewritten portion of the present protest we find the following:

Demand is hereby made that the Entry be re-liquidated, by reason of the clerical error made, * * *.

Such a protest is sufficient to inform the collector that the claim, afterwards made at the trial, was in plaintiff's mind in preparing his pleadings.

As to the timeliness of the protest the plaintiff testified that he discovered the alleged error the latter part of February 1945. As the official papers disclose that entry was made on July 10, 1944, the error was discovered within the statutory one year's time thereafter.

It is further claimed on behalf of Government counsel that no proper and legal demand for reliquidation was made upon the collector. This appears to be based upon the theory that such demand must be made in writing. We know of no authority nor has any case been cited which holds to that effect. The evidence shows that the plaintiff, upon discovering what he alleges was an error in the liquidation, went to the customhouse and called the attention of the deputy

collector to the alleged error and requested a reliquidation. The deputy collector, when called as a witness on behalf of the defendant, testified as to the existence of an office practice requiring demands for reliquidation to be in writing and further requiring the refusal to be by written notice. However, he cited no statute or regulation in support of the practice. He admitted that the plaintiff herein had requested a reliquidation because of clerical error and that such request had been refused. At the time of his refusal to reliquidate he knew that the liquidator, Mr. LeClere, had failed to follow the reports of the Federal-State Seed Laboratory but was uncertain whether the circumstances surrounding his failure constituted clerical error. We therefore have positive proof that a request for reliquidation on the ground of clerical error discovered within 1 year after entry, was made by the importer of record (the plaintiff herein) sometime during the latter part of February 1944, which request was refused on or about that date. From this refusal protest was filed March 1, 1945, which protest is timely. Although the better practice would be that such requests and refusals should be reduced to writing, failure to file a written request should not deprive an importer of his right of protest in the absence of such statutory requirement.

On the question of clerical error the evidence discloses that where importations consist of different kinds of seeds, as was the case here, samples are sent to the laboratory where analyses are made and the reports forwarded to the collector. It was the practice of the collector's office with regard to liquidation of this type of entry to liquidate in conformity with the laboratory report. In the instant case liquidation was not made in accordance with such reports as shown by the testimony of the liquidator, although the certificates were received by the collector prior to liquidation. When asked.why he did not follow the certificates, the liquidator stated that he must have overlooked them, because had he seen them he would have followed them.

In the early case of *Morimura Bros.* v. *United States*, 160 Fed. 280, T. D. 28866, the court held as follows:

Clerical error implies negligence or carelessness; but the question is: Whose is the negligence? If it is that of a "clerk, writer, or copyist," it is clerical error. Century Dictionary. The expression assumes that the mistake or negligence or carelessness is that of one engaged in the subordinate service of transcription, copying, or comparison; a labor not requiring original thought. * * *

It has frequently been held that the essence of clerical error is intention. See *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485. In the later case of *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401, the court cited and followed the *Wyman* case, *supra*, and held that where an entry was in form and substance as the clerk who prepared it intended it to be, the error committed by him was not clerical.

In *Yamada* v. *United States*, 26 C. C. P. A. (Customs) 89, T. D. 49628, the court had before it a situation in which a customhouse broker, acting in a clerical capacity, in filing entry, attached an old duress certificate which did not contain the correct number of the test case cited, although he intended to file a new certificate given him by the customs attorney for the importer. Due to carelessness, inadvertence, and mistake, his proper intention was improperly executed. It was held that this inadvertence and mistake resulted in a clerical error within the meaning of section 514, *supra*, in that the error was made by one upon whom no duty devolved to exercise original thought or judgment in determining what pending cases were to be listed, citing the *Morimura* case, *supra*. The broker "acted in complete disregard of legal direction and in direct disregard of published information." The court overruled the contention that because the broker was careless and indifferent he could not claim that he had made a clerical error, saying:

\* \* \* It is our view that clerical error is usually the result of carelessness.

In the instant case the liquidator, a subordinate of the collector, acting in a clerical capacity, upon whom no duty devolved to use original thought or judgment in determining the percentages of the different varieties of seed shown on the entry, testified that he did not follow the laboratory certificates because he overlooked them; that he would have followed them if he had seen them in the file. The record shows that the practice was to liquidate these seed entries in conformity with these certificates from the seed laboratory. There can be no question of bad faith on the part of a Government employee who had nothing to gain by his action in such a case as this. The language of the court in the *Morimura* case, *supra*, as set forth in the syllabus, is applicable to the circumstances of this case. We quote as follows:

The fact that a clerical error was due to carelessness or neglect is no ground for denying relief to an importer who has incurred excessive duties on account of the error.

Upon the record we find that a clerical error was committed in the liquidation of the entry here before us; that it was discovered within 1 year after the date of entry; that demand was duly made upon the collector for reliquidation of the entry on account of said clerical error; that said demand was refused, against which a valid protest was timely filed. The motion to dismiss the protest is denied.

At the close of the hearing in this case counsel for the plaintiff requested that if the court deny the motion to dismiss, the case be restored to the docket for the purpose of introducing testimony on the merits, which request was granted by the court. We therefore order the case restored to the docket for that purpose.