(C.D. 4791)

BLOCK HANDBAGS INC. *v.* UNITED STATES

Court No. 78–10–01807

(Dated March 8, 1979)

*Mandel & Grunfeld* (*Robert B. Silverman* of counsel) for the plaintiff.
*Barbara Allen Babcock*, Assistant Attorney General (*Sidney H. Kuflik*, trial attorney), for the defendant.

RICHARDSON, Judge: Plaintiff moves under rule 3.2(f) for an order granting it leave to file an amended summons correcting page CC–S3 of the summons to show entry No. K383327 rather than entry No. K387327 to be covered by protest No. 1001–7–006774. Plaintiff asserts that the error was *typographical* in nature, and that a correction will not prejudice defendant.

Defendant opposes the motion, and cross-moves under rules 4.7(b) and 4.12 for an order severing the action and dismissing it as to entry No. K387327. Defendant asserts that it would be prejudiced if the

relief sought by plaintiff is granted, pointing out that entry No. K387327 appeared not only on the summons but also on protest No. 1001–7–006774, and that the proposed amendment would encompass an entry of merchandise which was never covered by the protest. Plaintiff did not respond to the cross-motion.

An examination of the court's files accompanying the instant motions discloses:

(a) a TRANSMITTAL SHEET on which is noted – "Entry No. K387327 cannot be identified with Importer of record. See attached 5101.";

(b) a SUMMONS in which plaintiff is designated as "Importer" as to protest No. 1001–7–006774 covering entry No. K387327;

(c) a CUSTOMS FORM 5101 covering entry No. 387327 dated June 28, 1977, which is signed by S. STERN CUSTOM BROKERS INC. on behalf of RAYMOR RICHARDS MORGENTHAU INC., Div. of Raymor Mfg.; and

(d) a PROTEST filed Oct. 12, 1977, in which plaintiff is designated as the protesting party as to entry No. K387327 against a decision, liquidation and assessment at 25 percent under TSUS item 656.25, which was denied under date of June 23, 1978, by the appropriate customs officer on the ground that "No item in this entry was entered under TSUSA 656.25/25 percent".

On the state of the record before the court the court agrees with the defendant. Amending the summons in the manner sought by plaintiff in its motion would have the effect of placing the entry covered by the summons at variance with the entry covered by the administrative protest. And there is no indication in the record that such an amendment was sought by plaintiff at the administrative level as provided for in 19 U.S.C.A. 1514(b)(1) and 19 CFR 174.14 (1977).

Further, although there is nothing in the protest itself to indicate the capacity in which plaintiff acted in filing that document administratively,[1] i.e., whether as *importer, consignee,* or *agent,* plaintiff has represented to the court that it acted as *importer* in filing the summons. However, since the asserted capacity is conclusively refuted by the disclosures of different parties in Customs form 5101, it is clear that plaintiff lacks standing to prosecute the action as authorized under 28 U.S.C.A. 1582(a), vis-a-vis 19 U.S.C.A. 1514(b)(1).

Therefore, plaintiff's motion to amend is denied, and defendant's cross-motion to sever and dismiss is granted.

---

[1] This would appear to account for the disposition of the protest on its merits rather than on jurisdictional grounds.