NEPTUNE MICROFLOC, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81-12-01646

Before CARMAN, *Judge.*

(Decided December 28, 1984)

*Collier, Shannon, Rill & Scott (David A. Hartquist, Steven Schaars,* and *Robert L. Meuser* on the motions) for the plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Barbara M. Epstein* on the motions), for the defendant.

CARMAN, *Judge:* This matter is before the Court on plaintiff's motion for Leave To Amend the Summons. In addition, defendant has moved to sever and dismiss this civil action with respect to entry number 79-459145.[1] The issue before the Court is whether plaintiff's motion should be allowed, notwithstanding that the proposed amendment would add an entry number to the summons that was not the subject of the administrative protest before the United States Customs Service (Customs).

## BACKGROUND

In 1979, plaintiff entered a shipment of ilmenite sand at Port Huron, Michigan. The entries were liquidated in early 1980 and plaintiff filed a timely protest contesting Customs' classification of the merchandise. Customs subsequently denied the protest.

During the course of the administrative proceeding, Customs issued a Notice of Proposed Rate Advance on October 29, 1979. This notice correctly listed plaintiff's entries, including entry number 79-459165. On its Final Notice of Rate Advance, however, Customs incorrectly listed this entry as 79-459145. This incorrect entry number was perpetuated both by plaintiff and by Customs throughout the remainder of the administrative process. Plaintiff then, evidently, transcribed this incorrect entry number when preparing its

---

[1] Defendant had originally moved to sever and dismiss the action with respect to six other entries on the basis of plaintiff's lack of standing. Defendant has, however, withdrawn its motion as it pertains to those six entries. In addition, the parties have consented to a severance and dismissal with respect to entry number 80-316032, which is the subject of a separate action in this Court. *See Neptune Microfloc, Inc.* v. *United States,* No. 83-2-00306 (Ct. Int'l Trade Feb. 18, 1983). Plaintiff also has moved to consolidate the instant action with Court Number 83-2-00306. Defendant has opposed this motion because, in its view, consolidation is not appropriate during the pendency of its motion to sever and dismiss in Court number 81-12-01646.

summons. The summons was filed on December 1, 1981. On November 17, 1982, however, the Clerk of the Court issued a notice to counsel stating that entry number 79–459165 was identifiable with the relevant protest and that the "entry [was] with [the] Court." Plaintiff's Motion to Amend Exhibit 5.

Plaintiff now moves to amend the summons filed on December 1, 1980, by substituting entry number 79–459165 for entry number 79–459145. The defendant opposes the motion, contending that, pursuant to 19 U.S.C. § 1514(c)(2)(A) (1982), liquidations are final unless protested within 90 days of the notice of liquidation. Moreover, according to defendant, since entry number 79–459165 was not protested, this Court lacks jurisdiction over the action with respect to that entry.

For the reasons noted below, the Court holds that it lacks jurisdiction over this action with respect to entry number 79–459165 and that, therefore, plaintiff's motion for leave to amend the summons must be denied.

## DISCUSSION

It is fundamental that 28 U.S.C. § 2636(a)(1) (1982) requires that a civil action contesting the denial of a protest be filed in the Court of International Trade within 180 days after the mailing of a notice of denial of the protest. *Id.; see* 28 U.S.C. § 1581(a) (1982). It would seem, therefore, that because no protest was ever filed and denied with respect to entry number 79–459165, that entry could not properly be the subject of an action filed in this Court.

Rule 3(d) of the Rules of this court provides that "the court may allow a summons to be amended at any time . . . unless it clearly appears that material prejudice would result to the substantial rights" of a party.

Defendant contends that the requested relief would prejudice its substantial rights to the extent that any such amendment would nullify the finality and conclusiveness of liquidations.

The Court agrees with the defendant's position and holds that this action must be severed and dismissed with respect to entry number 79–459145. The effect of amending the summons would be to place "the entry covered by the summons at variance with the entry covered by the administrative protest." *Block Handbags, Inc.* v. *United States,* 82 Cust. Ct. 75, 76 (1979).

Each entry, although joined with others in a single protest, remains independent and gives rise to its own separate legal claim. *Border Brokerage Co.* v. *United States,* 72 Cust. Ct. 93, 99, 372 F. Supp. 1389, 1392 (1974); *E.S. Novelty Co.* v. *United States,* 68 Cust. Ct. 374, 376, 343 F. Supp. 1364, 1366 (1972). The Court of International Trade derives its exclusive jurisdiction over an action to contest the denial of a protest from 28 U.S.C. § 1581(a). In addition, 28 U.S.C. § 2636(a)(1) bars such an action if not commenced within 180 days after mailing of notice of denial of the protest. In short, be-

cause the plaintiff did not timely protest entry number 79–459165, no such protest was denied, and no civil action was commenced within 180 days of the denial of the protest, the Court lacks jurisdiction over this liquidated entry. Although under certain circumstances, the Court may, under rule 3(d), avoid overly technical applications of statutes and rules, *see, e.g., First, Miss, Inc.* v. *United States,* 7 CIT 52, Slip Op. 84–14, at 2 (March 6, 1984), such is not the case here. The 180-day filing rule is an inflexible jurisdictional requirement.

The plaintiff's appropriate means of correcting the clerical error in the protest is found in 19 U.S.C. § 1520(c)(1) (1982):

> Notwithstanding a valid protest was not filed, the appropriate customs officer may * * * reliquidate an entry to correct—
>
> > a clerical error, mistake of fact, or other inadvertence * * * when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction;

But there is no indication in the pleadings that the plaintiff attempted to bring the error to the attention of Customs within the 1-year time period required by 19 U.S.C. § 1520(c)(1). Nor is there any indication, just as in *Block Handbags*, that plaintiff has sought to amend its protest in accordance with 19 U.S.C. § 1514(c)(1). The entry numbers as listed on the original protest have therefore been frozen at the administrative level, and the plaintiff's Motion to Amend the Summons must be denied.

Since it is clear from the pleadings and the notification from Customs that entry number 79–459145 is not identifiable with the plaintiff or the merchandise at issue, the defendant's motion to sever and dismiss as of this entry is allowed.

### Conclusion

For the above stated reasons, plaintiff's motion to amend the summons is denied. Defendant's motion to dismiss this civil action with respect to entry number 79–459145 is granted.[2]

So ordered.

---

[2] Plaintiff has also moved to consolidate the instant case with Court Number 83-2-00306. Defendant opposed the consolidation solely because of the pendency of its motion to sever and dismiss. Given the disposition above, and because it appears that the two cases involve common questions of law and fact, plaintiff's motion for consolidation will be granted.