**GROVER PISTON RING CO., INC., etc., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 84–1414.**

United States Court of Appeals, Federal Circuit.

Jan. 9, 1985.

John D. Bird, Jr., Churchill, DuBack & Smith, Milwaukee, Wis., for appellant.

Judith M. Barzilay, Dept. of Justice, New York City, for appellee. With her on the brief was Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Washington, D.C., and Joseph I. Liebman, New York City, Atty. in Charge Intern. Trade Field Office.

Before BENNETT, MILLER and SMITH, Circuit Judges.

JACK R. MILLER, Circuit Judge.

We *affirm* the decision of the United States Court of International Trade, granting the Government's motion for an order dismissing the action (Court No. 83–12–01708), on the basis of[1] the Court's Memorandum accompanying said order dated May 29, 1984 (slip op. 84–56).

---

**1.** "[O]n the basis of" does not mean we adopt the Court of International Trade's memoran-

dum as binding precedent. *Jackson Jordan, Inc.*

The action was instituted by appellant's filing a second summons to which was attached a Customs Service computer printout covering 101 entries (including two already covered in the initial action). The two being already covered, they are duplicative and without jurisdictional effect in the present action. The other ninety-nine were not timely protested (i.e., within ninety days after liquidation) because, as the court held, a valid protest was never filed. Attaching the computer printout to the second summons did not cure the failure of the *protest* to meet the requirements of 19 C.F.R. § 174.13(b) ("the entry numbers, dates of entry, and dates of liquidation ... should be set forth as an attachment to the protest").

Appellant says the statute (19 U.S.C. § 1514(c)(1)) is satisfied if only the categories of merchandise are identified in the protest documents. Not so. The statute specifies that the protest must set forth each decision (liquidation) protested, each category of merchandise affected by each such decision, *and* the nature of each objection and reasons therefor. The Government points out that if an importer omits an entry number from a protest the appropriate Customs officer has no objective way of knowing that such entry should be reviewed for possible reclassification.

Moreover, appellant's attempt to make all categories of merchandise (nine in this action) the subject of a single protest clearly falls outside the scope of 19 U.S.C. § 1514(c)(1), which provides that, where an entry covers merchandise of different categories, a separate protest may be filed for *each* category. Indeed, 19 C.F.R. § 174.13(b) makes clear that a single protest covering multiple entries is not authorized unless the entries, *inter alia* involve the "same category of merchandise."

AFFIRMED.

*v. Plasser American Corp.,* 747 F.2d 1567 at 1580