**LYKES PASCO, INC., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

Slip Op. 98–89.
Court No. 96–05–01307.

United States Court of
International Trade.

June 29, 1998.

Collier, Shannon, Rill & Scott (Paul C. Rosenthal, Laurence J. Lasoff, Lynn E. Duffy, Eric R. McClafferty), for plaintiff.

Frank W. Hunger, Assistant Attorney General, Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Civil Division, Dept. of Justice, Commerce Litigation Branch (Mikki Graves Walser), and Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service (Chi S. Choy), for defendant.

### OPINION and ORDER

WATSON, Senior Judge.

This case is before the Court on defendant's motion to dismiss for lack of jurisdiction, and plaintiff's cross-motion for summary judgment. The motion to dismiss is found to be dispositive and the cross-motion for summary judgment is therefore not reached. The Court rejects plaintiff's argument that the motion to dismiss is so closely connected to the merits of the motion for summary judgment that its resolution should be deferred.

In support of its motion to dismiss, the government alleges that plaintiff failed to file a protest against the tariff treatment of the 21 entries in this case within 90 days of the notice of liquidation of the entries, thereby failing to meet the requirements of 19 U.S.C. § 1514(c)(2)(A).

The 21 entries listed on the summons in this action were liquidated on December 18, 1992. Plaintiff argues that these 21 entries were included in Protest No. 1801–93–100022, made on March 16, 1993. The government maintains that the 21 entries were not included in that protest.

Close examination of the protest in question shows that the government is correct. The protest consisted of a Customs Form 19, an attachment entitled "Items Subject to Protest" and a further attachment entitled "Statement of Facts." The Customs Form 19, in its Section III, which is designated as "Detailed Reasons for Protest and/or Further Review" states as follows:

> Lykes Pasco, Inc. is protesting the decision by the U.S. Customs Service to liquidate 100 entries at a reduced drawback rate. Attached hereto is a statement of the factual material and legal arguments that support this protest.

The first attachment to the Customs Form 19 is entitled "Items Subject to Protest." It consists of a list of 100 entries giving the port of entry, entry number, date of entry and liquidation date for each one of those 100 entries. The second attachment is entitled "Statement of Facts" and consists of a thirty-six page document with six sections.

It is not disputed that the 100 entries referred to on the Customs Form 19 and contained on the attached list of "Items Subject to Protest" do not include the 21 entries here at issue. The "Statement of Facts" had seventeen exhibits appended to it, including an audit report containing a list of the 21 entries here at issue, various correspondence between Customs and the plaintiff and a courtesy notice of liquidation provided by Customs, which document did not include the 21 entries here involved.

It is plaintiff's position that the references to the 21 entries, made in the attached narrative statement, were sufficient to include those 21 entries in the protest. In short, it is plaintiff's claim that "(a)lthough these 21 entries inadvertently were left off the summary list of entries protested, the narrative and its focus on the audit's findings clearly evidenced LPI's intention to cover these entries."

There is a long and noble line of jurisprudence in this court regarding the sufficiency of protests. It is well established that they need not be made with technical precision. *Davies et. al. v. Arthur,* 96 U.S. 148, 24 L.Ed. 758 (1877). It has been well stated that " . . . the Court, taking a liberal posture, has held that, however cryptic, inartistic, or poorly drawn a communication may be, it is sufficient as a protest . . . if it conveys enough information to apprise knowledgeable officials of the importer's intent and the relief sought." *Mattel, Inc. v. United States,* 72 Cust. Ct. 257, 262, CD 4547 (1974). However, a rule that tolerates a reasonable degree of generality in the making of protests will not benefit plaintiff in this case.

The high degree of precision in the main operative portion of this protest does not permit the same rationale as was applied in cases where the protest was lacking in spec-

ificity. In those cases it was possible for the court to reason that the outside parameters of the dispute had been sufficiently defined and brought to the attention of the Customs Service. It was therefore fair to require the Customs Service to respond with respect to the specific items and issues falling within those defined parameters. Here however, the burden that would be placed on the Customs Service would require it to go beyond the most exactly defined details of the protest, to realize that an inadvertence or omission has occurred, to incorporate its historical knowledge of the entire series of transactions that may have been involved and to make corrections. That is an unreasonable burden to place on the Customs Service. It would surpass anything that has been hitherto required by statute or case law. It would, in effect, alter the obligation of the protesting party to accurately state its objections to administrative action.

Moreover, in this case, the reading of plaintiff's intentions would not merely have required the Customs Service to realize that 21 additional entries belonged in the protest. The specific list of 100 also included eight entries that had been liquidated with the full amount of drawback desired by the plaintiff. It also included three entries that were not drawback entries at all. In short, the standard espoused by plaintiff would require Customs to "edit" a protest whose contents had been mistakenly formulated. It would not simply require Customs to address the details reasonably and necessarily contained within the identified limits. It would have been speculation by the Customs Service to conclude that the documents before it intended to challenge the tariff treatment of entries beyond the 100 specifically listed.

The fact that those 21 entries were part of a larger group of 23 that had been subjected to an audit, and the fact that the audit gave rise to a dispute about the amount of drawback is not enough to link them together so strongly that the specificity of the listing of 100 entries could be disregarded by the Customs Service.

The Customs Service was correct when it opined in its decision on plaintiff's application for further review of the protest involved here that "if the protestant had not enumerated each and every entry it desired to protest, but made a blanket statement that it intended to protest all the entries which were the subject of the 1987 audit ... the result would be different...." It was correct in stating that Customs "cannot be expected to know with reasonable certainty that the protest was broader in scope than those listed '100' protested entries." There is no logical reason why, in certain instances, a general statement as to the matter being protested cannot be more comprehensive and effective than a highly detailed but narrow statement.

For the reasons given above, it is hereby **ORDERED** that defendant's motion to dismiss the action for lack of jurisdiction be, and the same hereby is, **GRANTED.**

### *JUDGMENT ORDER*

It is hereby **ORDERED** that defendant's motion to dismiss the action for lack of jurisdiction be, and the same hereby is, **GRANTED.**