Slip Op. 06 - 144

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| | : | |
| VWP OF AMERICA, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Before: MUSGRAVE, JUDGE** |
| | : | Court No. 96-05-01309 |
| THE UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

[Plaintiff's motion to amend summons and defendant's motion to sever and dismiss as to one entry held in abeyance]

Dated: September 26, 2006

*Barnes, Richardson & Colburn* (*James S. O'Kelly* and *Alan Goggins*) for the plaintiff.

*Peter D. Keisler*, Assistant Attorney General, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Saul Davis*), for defendant.

## MEMORANDUM & ORDER

As one of a series of similar matters, this action was initiated by VWP of America, Inc. ("VWPA") to contest the denial of protests on the valuation of textile imports from Canada by the U.S. Customs Service ("Customs"), as Customs was then titled. The summons, filed on May 2, 1996, lists two protest numbers, 0101-95-100117 and 0101-95-100128, and associates twenty and eighteen different entry numbers respectively therewith. The first five digits of every entry number except one begins "551-35 . . .." The exception is "551-2518786-6."

After initiation, the matter was promptly suspended, along with sixteen others filed before and after it, under a chosen test case. Following the conclusion of the test case, *VWP of America,*

*Inc. v. United States*, 30 CIT ___, 431 F. Supp. 2d 1322 (2006), a suspension disposition calendar

was established on June 7, 2006 pursuant to USCIT Rule 85(a) for administration by the Clerk of

the Court, and the suspended actions, including this matter, were moved onto it.[1]

A week later, on June 12, 2006, VWPA filed a motion to amend the summons. The motion

requests that "entry number 551-2518786-6 covered by protest number 0101-95-100117 [be]

corrected to read 551-3518786-6." On June 27, 2006, counsel for the government filed a consent

motion for an extension of time to file a response until August 2, 2006. The motion explained that

counsel for the government had yet to receive the advice and recommendation of Customs and could

not properly respond without them.

On August 28, 2006, counsel for the government filed an opposition to the plaintiff's motion

along with a motion for leave to file the opposition out of time. The government's motion explains

the delay as due to overwork and the demands of other matters and additionally asserts that at some

unspecified point counsel for the government contacted counsel for VWPA to explain Customs'

efforts to that point at locating entry 551-3518786-6, or other like it, and that VWPA counsel

reported that they would investigate the matter further and advise as to "the proper entry, if it could

be found." Def.'s Resp. at 3.[2] Thinking "there was a strong possibility that Plaintiff's motion and

---

[1] Two additional actions, Court Nos. 93-06-00313 and 93-06-00314, were resolved prior to establishment of the suspension disposition calendar. *See* Slip Op. 06-87 (June 7, 2006) and Slip Op. 06-82 (May 30, 2006).

[2] Counsel asserts that Customs made an effort to locate entry number 551-3518786-6 on its data base, the electronic records stored on Customs Automated Commercial Systems ("ACS"), but could not locate that precise record. Apparently, entries with no further activity are eventually purged from the ACS several years after liquidation, although Customs is presently, allegedly, attempting to locate the entry in the purged archives. Def.'s Resp. n.2 (referencing Maurer Decl.

(continued...)

Defendant's opposition would be mooted" if the entry documentation pertaining to the correct entry

could be located, counsel for the government assumed it was "in the interests of all parties and the

Court[ ] to delay the filing of the opposition in order to [e]nsure that Defendant would not file an

opposition that had been mooted." *Id.*

I

The government now takes the position that dismissal for lack of jurisdiction is appropriate

at this time, arguing that VWPA was on notice ten or eleven years ago that the protest and summons

included an entry that was non-existent. VWPA's response is one of annoyance at this latest delay

by the government to file out of time, which should be viewed in the context of the resolution of the

test case. The Court is sympathetic to VWPA's argument, but it is preferable to resolve this issue

on the merits, since a court must always be assured that subject matter jurisdiction is proper.

The terms of the government's consent to be sued in a particular court define the court's

jurisdiction to entertain the suit, must be strictly observed, and are not subject to implied exceptions.

*NEC Corp. v. United States*, 806 F.2d 247, 249 (Fed. Cir. 1986) (citations omitted). Under 28

U.S.C. § 1581(a), this court possesses exclusive jurisdiction over any civil action commenced to

contest the denial of a protest under 19 U.S.C. § 1515, which provides for the review of protests filed

in accordance with 19 U.S.C. § 1514 concerning decisions of the U.S. Customs and Border

Protection (and its predecessor organizations). The burden of establishing jurisdiction lies with the

party seeking to invoke a court's jurisdiction. *E.g. Old Republic Ins. Co. v. United States*, 14 CIT

---

[2] (...continued)
at ¶ 10). Customs did, however, locate entry number 551-3518786-7, however that entry is
associated with a different importer. Def'.s Resp. at 2 (referencing Maurer Decl. at ¶¶ 5-6, 10).

377, 379, 741 F. Supp. 1570, 1573 (1990). The plaintiff must meet its burden by showing the sufficiency of its evidence. If, after a review of the pleadings and extrinsic evidence, any reasonable doubt remains whether this court has jurisdiction to hear this action, it is appropriate to refrain from granting the defendant's motion to dismiss. *See*, *e.g.*, *Takashima U.S.A., Inc. v. United States*, 19 CIT 673, 886 F. Supp. 858 (1995).

According to the entry documents, the Port of Portland, Maine denied protest 0101-95-100117 "per HQ letters 544658 and 544745" and due to "1 wrong entry number" (uppercasing omitted). On the "attached claim" listing a schedule of entries being protested, next to entry number "551-2518786-6" VWPA provided the date of entry as "3/08/95" and the date of liquidation as "6/16/95", next to which is a notation, presumably in the hand of a Customs officer properly considering the matter, that reads "wrong entry # . . . Partial denial . . . 1 wrong # [.]" On the customs form transmitting to the Court the entry documents relating to protest 0101-95-100117 is written "Invalid entry number." Summons Documentation Transmittal, CF 322 (May 20, 1996).

The government argues the summons cannot now be amended to include entry number 551-3518786-6 because the protest of that entry is now time-barred under 28 U.S.C. § 2636(a)(1). Def.'s Resp. at 3-6 (referencing *Autoalliance International, Inc. v. United States*, 357 F.3d 1290, 1292-93 (Fed. Cir. 2004); *Grover Piston Ring Co. v. United States*, 752 F.2d 626 (Fed. Cir. 1985); *Lykes Pasco, Inc. v. United States*, 22 CIT 614,14 F. Supp. 2d 748 (1998)). According to 28 U.S.C. § 2636(a)(1), a civil action challenging the denial of a protest is barred unless commenced within 180 days of the date the denial of the protest was mailed. 28 U.S.C. § 2636(a)(1). As a waiver of sovereign immunity, the statute provides a "hard and fast" deadline that, if not met, leaves the Court

without jurisdiction to hear a case. *Neptune Microfloc, Inc. v. United States*, 8 CIT 353, 355 (1984) (noting that the time for initiating judicial action after denial of a protest is an "inflexible jurisdictional requirement"). Thus, in both *Grover* and *Lykes*, dismissals were granted with respect to judicial challenges to entries that had not been validly protested. The protests originally summonsed omitted any reference to the entry numbers that the plaintiffs sought to include in their respective actions. *See also Border Brokerage Co. v. United States*, 72 Cust. Ct. 93, C.D. 4508 (1974) (denial of protest covering thirteen entries, summons filed listing only seven entries, amendment as to other five denied).

Although those cases are not directly on point, other cases have intimated that transcription error itself could obviate jurisdiction. In *Block Handbags, Inc. v. United States*, 82 Cust. Ct. 75, C.D. 4791 (1979), for example, the plaintiff moved to amend the summons to cover entry number K383327 rather than K387327, asserting that the error had been typographical in nature. The government opposed the motion, and also moved to sever and dismiss as to entry number K387327. The government argued that it would be prejudiced if the relief sought were granted because entry number K383327 appeared not only on the original summons but on the protest as well, and the proposed amendment would encompass an entry of merchandise that was never covered by the protest. The court found the government's argument persuasive. "Amending the summons in the manner sought by plaintiff in its motion would have the effect of placing the entry covered by the summons at variance with the entry covered by the administrative protest . . . [a]nd there is no indication in the record that such amendment was sought by plaintiff at the administrative level as provided for in 19 U.S.C. § 1514(b)(1) and 19 C.F.R. § 174.14 (1977)." *Id*. Also, *Neptune*

*Microfloc, Inc. v. United States*, 8 CIT 353 (1984), observed that the proper remedy for a transcription error, such as that argued in *Block*, lay in 19 U.S.C. 1520(c)(1), which provided for reliquidations, notwithstanding that a protest was not filed, to correct for error, mistake of fact, or other inadvertence brought to Customs' attention within one year of liquidation.

But, section 1520(c)(1) no longer operates, since that provision's repeal on December 3, 2004, *see* Pub. L. No. 108-429, § 2105, 118 Stat. 2598 (2004), and in the absence of language in the repealing statute itself or some other general statute making a different rule, the effect was "to restore the law as it was" before the passage of the statute being repealed. *United States v. Philbrick*, 120 U.S. 52, 7 S.Ct. 413 (1887). In any event, the reasoning of *Block*, *Neptune*, *Grover*, *Lykes*, *etc.* is less persuasive in light of *Pollak* and other decisions to the contrary. *See*, *e.g.*, *Pollak Import-Export Corp. v. United States*, 18 CIT 111, 846 F. Supp. 66 (1994) ( "*Pollak I*"), *rev'd*, 52 F.3d 303 (Fed. Cir. 1995) ("*Pollak II*"). *Pollak I* granted the government's post-judgment motion to dismiss certain entries that had been omitted from the summons and denied the importer's motion to amend. 18 CIT at 115, 846 F. Supp. at 9. The appellate court reversed, holding that the failure to list the entries on the summons was not a jurisdictional bar to granting relief as to those entries, since the entries had been indisputably listed on the protest that was properly summonsed and the inclusion of the entry number on the summons was basically a "housekeeping" matter, not to be construed as a jurisdictional predicate. 52 F.3d at 307. *Accord*, *Bradley Time Div. Elgin National Time Watch Co. v. United States*, 9 CIT 613 (1985).

The government argues for limiting the applicability of *Pollak II* on the ground that it "does not permit the relief sought by VWPA with regard to entries that were never included in any protest,

particularly because the actual jurisdictional provisions of 19 U.S.C. § 1514(c) require that the summons be filed in accordance with the regulations prescribed by the Secretary of the Treasury." Def.'s Resp. at 4-5. It is true that *Pollak II* does not precisely answer whether jurisdiction will fail due to an incorrectly transcribed entry number on the protest that was summonsed, but neither does the decision preclude the type of relief VWPA seeks. Each protest need only be "sufficiently" identified in the summons, and the failure to list individual entries on the summons is not a jurisdictional defect depriving this court of jurisdiction over those entries. *See* 52 F.3d at 307.

Recent appellate authority reiterates that it is the sufficiency of the summons as to the protest(s) that controls the jurisdictional inquiry. In *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313 (Fed. Cir. 2006), the appellate court affirmed the decision of this court to reject a proposed amendment of a summons to include seven protests that the plaintiff had "failed to identify" on the summons, once again observing that the statutory framework governing summons and protests does not specifically require the listing of entry numbers on the summons. 442 F.3d at 1316. "Because the importer may omit particular protests in a summons in order to preserve the right to relitigate the issue, the government has no reason to assume that all related protests are intended to be included in a given suit. Under these circumstances, a summons can provide fair notice only if the contested protests are identified with particularity." *Id* at 1321. Since each protest denial forms the basis of a separate claim or cause of action, the summons must establish jurisdiction as to each protest being summonsed. *See* 442 F.3d at 1318. As the initial pleading, the summons must set forth sufficient facts to establish the Court's jurisdiction as to each protest denial being challenged , as these are treated as separate causes of action. *Id*. (citations omitted). "The essential jurisdictional fact--the

denial of the protest--simply cannot be affirmatively alleged without specifically identifying each protest involved in the suit." *Id*.

Thus, the inquiry for purposes of subject matter jurisdiction is whether the summons constituted fair notice to the government. That implicates the protest, and what indicia or implicit circumstances surround it as would clarify to the mind of Customs the intent of the importer and the matter of the protest. In this regard, the type of amendment sought should speak volumes regarding the protest's sufficiency.

In the appeal of *Grover*, the government correctly "pointed out that if an importer omits an entry number from a protest[,] the appropriate Customs officer has no objective way of knowing that such entry should be reviewed for possible reclassification." *Grover*, 752 F.2d at 627. Strictly speaking, the government is here correct in taking the position that the failure in cases such as *Grover* to include, *inter alia*, entry numbers and ports of entry in the protests resulted in noncompliance with 19 C.F.R. § 174.13(a). But, the complete omission of *any* information regarding the entry intended to be protested is not this matter, and the government is therefore incorrect in asserting that "Customs did not have *any* notice, let alone timely notice, that the liquidation of the correct entry was being contested." Def.'s Resp. at 4 (emphasis in original). *Cf.*, *e.g.*, *Grover Piston Ring Co., Inc. v. United States*, 7 CIT 286, 286 (1984) ("defendant contends the lack of jurisdiction is the result of the protest, which was timely filed, containing only two entries and not the 101 entries plaintiff alleges were intended to be covered"), *aff'd*, 752 F.2d at 627 ("[m]oreover, appellant's attempt to make all categories of merchandise (nine in this action) the subject of a single protest clearly falls outside the scope of 19 U.S.C. § 1514(c)(1), which provides

that, where an entry covers merchandise of different categories, a separate protest may be filed for *each* category") (emphasis in original).

Both *Pollak* and *DaimlerChrysler* considered critical the fact that the statutes governing this court's jurisdiction do not specifically require identification on the summons of the entry numbers that are subject to the protest in order to invoke jurisdiction. Similarly, the statute governing the form of protest does not specifically require that the entry number of the matter being protested be listed on the protest documents. *See* 19 U.S.C. § 1514(c)(1) (requiring that the importer's protest of Customs' decision merely "set forth distinctly and specifically--(A) each decision described in subsection (a) of this section as to which protest is made; (B) each category of merchandise affected by each decision set forth under paragraph (1); (C) the nature of each objection and the reasons therefor; and (D) any other matter required by the Secretary by regulation").[3] Although 19 C.F.R. § 174.13(a) states that the contents of a protest "shall" contain the entry number of the matter being protested and may well constitute "other matter required by the Secretary by regulation" for purposes of 19 U.S.C. § 1514(c)(1), administrative and judicial precedent has not, generally speaking, required "perfect" compliance with formality in order to create a valid protest with respect to a particular entry. *See*, *e.g.*, *D. Stone Industries, Inc. v. United States*, 9 CIT 51 (1985) (granting amendment of protest purporting to cover entry number 84-748767-8 as actually covering entry number 84-848767-8). *Cf. Pollak I*, 18 CIT at 114, 846 F. Supp. at 69 (acknowledging "that an amendment

---

[3]  *Cf.* 19 U.S.C. § 1484(a)(1)(A)(i) (requiring entry to consist only of "such documentation or, pursuant to an electronic data interchange system, such information as is necessary to enable the Customs Service to determine whether the merchandise may be released from customs custody"). The North American Free Trade Agreement Implementation Act, Public Law 103-182, § 645(3), effective Dec. 8, 1993, amended 19 U.S.C. § 1514(c)(1) to substantially its present form.

of a summons may be appropriate where entry numbers are listed, but the numbers are transposed. . . . In such cases, the entry numbers are identifiable despite any error in listing the entry numbers, and the government would have notice of each entry being judicially disputed") (referencing *Bradley*, *supra*, 9 CIT at 615).

"[H]owever cryptic, inartistic, or poorly drawn a communication may be, it is sufficient as a protest . . . if it conveys enough information to apprise knowledgeable officials of the importer's intent and the relief sought." *Mattel, Inc. v. United States*, 72 Cust. Ct. 257, 262, C.D. 4547, 377 F. Supp. 955, 960 (1974). Compliance with regulation 174.13(a) may be demonstrated, albeit in a manner that is substantial and not perfect. *Cf.*, *e.g.*, *Lykes*, 22 CIT at 616 ("the reading of the plaintiff's intentions would not merely have required the Customs Service to realize that 21 additional entries belonged in the protest"). The minimal requirement has long been whether the importer has sufficiently conveyed to Customs an impression of the injury it believes it suffered by Customs' decision or action. *E.g.*, *Schell v. Fauche*, 138 U.S. 562, 11 S.Ct. 376 (1891); *Arthur v. Morgan*, 112 U.S. 495, 5 S.Ct. 241 (1884); *Davies v. Arthur*, 96 U.S. 148, 151, 6 Otto 148 (1877); *Converse v. Burgess*, 59 U.S. 413, 18 How. 413 (1855). An administrative protest is not ordinarily to be invalidated or denied on the basis of clerical error or inadvertence alone. *See*, *e.g.*, *Aviall of Texas, Inc. v. United States*, 70 F.3d 1248 (Fed. Cir. 1995); *H.H. Elder Co. v. United States*, 20 Cust. Ct. 61, C.D. 1084 (1948); *Goto v. United States*, 7 Cust. Ct. 189, C.D. 565 (1941); *Morimura Bros. v. United States*, 160 Fed. 280, T. D. 28866 (1908). In *International Forwarding Co. v. United States*, 36 Treas. Dec. 294, T.D. 37972 (1919), for example, the importer protested the ascertainment and liquidation of duties on entries of tulip bulbs but referenced the entry number incorrectly. At

first denied due to the "gratuitous" entry number, the protest was ultimately sustained because its claim "is a plain and simple question as to how tulip bulbs should be classified." 36 Treas. Dec. at 296. Although the importer did reference other indicia that perhaps should have apprized the customs officer as to the proper entry that was being protested, including *inter alia* the date of entry and the date of liquidation, in the opinion of the board of appraisers "it would not have been necessary to refer to date, or entry, or liquidation, or even the vessel." *Id.*

In this instance, VWPA's error in transcription is manifest: all of the other entry numbers in protest 0101-95-100117 begin with "551-35" except for the one VWPA would now amend, and it was certainly apparent to the port officer(s) considering the protest, because the use of "*wrong* entry #" in the protest's denial connotes that there must have been a *right* entry number. The Court is therefore not persuaded that VWPA's protest was invalid as to the certain entry it obviously intended to protest or that the government lacked notice as to that certain entry for which there was a manifest error in transcribing its entry number. Although VWPA did have notice of the incorrect entry number in the denial of its protest over a decade ago, to require it to have gone through the formality of then protesting the *correct* entry number would have been futile, given Customs' well-known position on the issue of valuation with respect to VWPA's other entries.

II

Nonetheless, although VWPA's explanation as to the error in transcription is logical, at this point there remains, for the time being, some doubt as to the actual intended entry number. Obviously, proof of an actual entry that the protest intended to encompass is a prerequisite of subject matter jurisdiction, so it is therefore appropriate to hold both parties' motions in abeyance, pending

exhaustion of due diligence on this issue. The parties shall provide a status report of their efforts to locate the correct entry documents before the close of business on November 26, 2006.

**SO ORDERED**.

/s/  R. Kenton Musgrave
R. KENTON MUSGRAVE, JUDGE

Dated: September 26, 2006
New York, New York